IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,958-01






EX PARTE ADRIAN MENDOZA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. S-03-3303-4CR IN THE 36TH JUDICIAL DISTRICT COURT


FROM SAN PATRICIO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to twenty-five (25) years' imprisonment. The Thirteenth Court of Appeals dismissed his
appeal for want of jurisdiction. Mendoza v. State, No.13-04-501-CR (Tex. App. - Corpus Christi,
November 18, 2004, no pet.).

 Applicant contends that his trial counsel rendered ineffective assistance, causing his plea of
guilty to be involuntary. Specifically, Applicant contends that counsel stated that Applicant would
receive a greater sentence if he went to trial; ignored Applicant's requests for a jury trial in which
Applicant could confront the witnesses against him; and was unprepared on the day of the trial, so
that Applicant believed that he had no choice but to plead guilty.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide applicant's trial counsel with the opportunity to respond to applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 The trial court shall make findings of fact as to whether applicant's trial attorney told
Applicant that he would receive a greater sentence if he went to trial; ignored Applicant's requests
for a jury trial; and was unprepared on the day of the trial. The trial court shall also make findings
as to whether Applicant's plea of guilty was voluntary. The trial court shall make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of applicant's
claim for habeas corpus relief. The trial court shall supplement the habeas record with copies of all
documents upon which its findings are based, including copies of the indictment, plea papers,
affidavits, any hearing transcripts, and any other relevant documents.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript, along
with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this
Court within one hundred twenty (120) days of the date of this order. Any extensions of time shall
be obtained from this Court. 




Filed: June 28, 2006

Do not publish